GIDEON F. SMITH, as Assignee, etc., Respondent, *v.* W. FRANK SMITH, Appellant.

Upon the dissolution of a copartnership and the formation of a new firm to carry on the business, it assumed the debts of the old firm and gave to H., one of its members, whose retirement caused the dissolution, a note to secure the payment of a note of like amount outstanding against it. The new firm subsequently made an assignment for the benefit of creditors, preferring said note. *Held,* that while no debt was actually due H., yet the preference did not invalidate the assignment, as it was not a provision for the payment of a fictitious demand, but was in effect a preference of the note outstanding against the old firm; that in case H. paid it before distribution of the assets by the assignee he would be entitled to reimbursement; if he did not do this the holder of it would be entitled to be substituted in his stead for payment.

(Submitted December 16, 1892; decided December 23, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 11, 1891, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*N. D. Petty* for appellant. The assignment having preferred a purely fictitious debt, in judgment of law, operates to hinder, delay and defraud creditors, and should, therefore, be adjudged void. (*Cole* v. *Tyler,* 65 N. Y. 47; *Talcott* v. *Hess,* 31 id. 282; *Schultz* v. *Hoagland,* 85 id. 465; *Terry* v. *Butler,* 43 Barb. 495; *Coleman* v. *Burr,* 93 N. Y. 31.) It was

SICKELS—VOL. XCI.     40

the duty of the assignors to show the disposition of the moneys received in their business. (*White* v. *Fagan*, 18 Wkly. Dig. 358.)

*Timothy M. Griffing* and *Wilmot M. Smith* for respondent. Chapter 294, Laws of 1888, does not render void an assignment for creditors which fails to state the residence, business and place of business of the assignor. (*D. C. M. Ins. Co.* v. *Van Wagonen*, 44 N. Y. S. R. 441; *Brown* v. *Halstead*, 17 Abb. [N. C.] 197; 52 Hun, 486.)

GRAY, J. The plaintiff was the assignee of the members of the copartnership of Mosbacher & Newey, insolvent debtors, and the defendant, as deputy sheriff, under an execution issued upon a judgment against that firm, seized upon the assigned property and sold it; whereupon plaintiff sued as for a conversion.

The defendant, who is the appellant here, presents but one question deserving of our consideration. It seems that a preference was given in the instrument of assignment to Arthur G. Howell; which, upon reference to the inventory and schedules filed, is described as being on a promissory note made by Mosbacher & Newey to Howell. The evidence showed that, originally, Howell was a partner with Mosbacher and upon the dissolution of their firm, by the retirement of Howell, a new firm was formed by Mosbacher with Newey. There was, at that time, an existing indebtedness from the original firm to Masury, for $500, and the new firm agreed by a writing to assume its payment. According to Mosbacher's evidence, the note for $500, for which Howell was preferred in the assignment papers, was given by him and Newey as security to Howell for the note held by Masury against Howell and Mosbacher (the former firm).

It is true Howell swore he never received a note; but the referee chose to believe in the making of the note; found it as a fact and we must so accept it. The appellant contends that this preference to Howell was fraudulent as to the cred-

itors of the assignors; in as much as no debt was in fact owing from the assignors to Howell.

It is undoubtedly true that a provision in an assignment for the benefit of creditors for the payment of a fictitious debt is a sufficient indication of fraud to warrant the avoidance of the assignment; for such a provision operates to deprive the creditors of property which should go towards paying their claims. But in the present case, while no debt was actually due to Howell by the assignors, nevertheless, it cannot be said that the provision was for the payment of some fictitious demand. The assignors owed a debt to Masury, which the note to Howell in fact represented and was given to secure Howell against. Howell, as a member of the former firm, was, of course, also liable for the payment of that debt.

I think that Masury would have the right, in equity, to demand to be subrogated to the rights of Howell in the insolvent proceedings, and to stand in his place under the assignment upon the distribution of the assignors' property. Under these circumstances, in preferring the payment of Howell's note, the insolvent assignors were really preferring the debt of all to Masury. If, pending the proceedings, Howell discharged that debt, he would be entitled to claim reimbursement through the provision in the instrument of assignment; while if he had not done so before the distribution of the assets, Masury would be entitled to be substituted in his stead for payment. Thus a debt, which was honestly due from the insolvents, would be discharged and no property of the debtors would have been withdrawn from distribution among their creditors.

For these reasons, I think the judgment appealed from was right and should be affirmed, with costs to the respondent to be paid by the appellant.

All concur.

Judgment affirmed.